UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
00 SEP 13 PM 3:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

SHARON MCCORD-FUSSELL, )
)
    Plaintiff, )
)
vs. )  Civil Action No. CV-00-S-1842-S
)
THE PERSONNEL BOARD OF )
JEFFERSON COUNTY, ALABAMA and )
BEN PAYTON, in his individual )
capacity, )
)
    Defendants. )
)

ENTERED
SEP 13 2000

## MEMORANDUM OPINION

This action is before the court on the motion to dismiss or, in the alternative, for more definite statement filed by defendant Ben Payton. Upon consideration, the motion is denied.

### I. DISCUSSION

In general, a court may dismiss a complaint for failure to state a claim upon which relief can be granted "only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations" of plaintiff's complaint. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957) ("[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts

in support of his claim which would entitle him to relief."")).[1]

In ruling upon a Rule 12(b)(6) motion, the court must accept the facts pleaded in the complaint as true, and construe them in the light most favorable to the non-moving party. *Hishon*, 467 U.S. at 73, 104 S.Ct. at 2232; *see also, e.g., Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364, 1369 (11th Cir. 1997); *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983). Notice pleading is all that is required: that is,

> "a short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. ... The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

*Conley*, 355 U.S. at 47-48, 78 S.Ct. at 103 (citation omitted); *see also* Fed. R. Civ. P. 8(a).[2]

---

[1] *See also, e.g., Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992) ("A complaint may not be dismissed unless the plaintiff can prove no set of facts which would entitle him to relief."); *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.) ("[T]he 'accepted rule' for appraising the sufficiency of a complaint is 'that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief.'") (quoting *Conley*), *reh'g denied*, 840 F.2d 25, *cert. denied*, 486 U.S. 1055, 108 S.Ct. 2822, 100 L.Ed.2d 923 (1988); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986) (same).

[2] *See also Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364 (11th Cir. 1997), stating:

> The purpose of a Rule 12(b)(6) motion is to test the facial

2

"A complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on <u>any</u> possible theory." *Brooks*, 116 F.3d at 1369 (emphasis in original) (citing *Robertson v. Johnston*, 376 F.2d 43 (5th Cir. 1967)).

Thus, the threshold requirements for a complaint to survive a Rule 12(b)(6) motion to dismiss generally are "exceedingly low." *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 703 (11th Cir. 1985) (citation omitted). Such motions accordingly are "viewed with disfavor and rarely granted." *Brooks*, 116 F.3d at 1369 (citing *Madison v. Purdy*, 410 F.2d 99, 100 (5th Cir. 1969), and *International Erectors, Inc. v. Wilhoit Steel Erectors & Rental Service*, 400 F.2d 465, 471 (5th Cir. 1968)).

### A. The Assault and Battery Claim

Under the Federal Rules of Civil Procedure:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may

---

sufficiency of the statement of [a plaintiff's] claim for relief. It is read alongside Fed.R.Civ.P. 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." The rule is not designed to strike inartistic pleadings or to provide a more definite statement to answer an apparent ambiguity, and the analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto. ...

*Id.* at 1368-69 (citation omitted).

move for a more definite statement before interposing a responsive pleading.

Fed. R. Civ. P. 12(e).

Payton states that the allegations of plaintiff's complaint pertaining to the assault and battery claim lack any assertion of "fact that Defendant Payton ever touched or threatened to touch Plaintiff."[3] In order to state a claim for assault under Alabama law, plaintiff must prove an "intentional, unlawful offer to touch the person of another in a rude or angry manner under such circumstances as to create in the mind of the party alleging the assault a well founded fear of an imminent battery, coupled with the apparent present ability to effectuate the attempt." *Wright v. Wright*, 654 So.2d 542, 544 (Ala. 1995) (quoting *Allen v. Walker*, 569 So.2d 350, 351 (Ala.1990)); see also I *Alabama Pattern Jury Instructions — Civil* § 5.05 (2d ed. 1993) (Supp. 1999). A successful assault becomes a battery, which consists of the touching of another in a hostile manner. *Surrency v. Harbison*, 489 So.2d 1097, 1104 (Ala. 1986); see also I *Alabama Pattern Jury Instructions — Civil* § 5.00 (2d ed. 1993).

In her complaint, plaintiff alleged:

---

[3] Defendant's motion to dismiss, or in the alternative motion for more definite statement (doc. no. 8), at ¶ 5.

4

    80. During the events in question, Ben Payton often touched or threatened to touch the plaintiff against her will and desire.

    81. Defendant Payton's actions to touch the plaintiff were offensive and rude.[4]

The court concludes that Count V of plaintiff's complaint is a sufficient statement of plaintiff's assault and battery claim, and that it is not so vague or ambiguous that Payton is unable to formulate a response. Therefore, Payton's motion to dismiss or, in the alternative, for a more definite statement, is denied with respect to that claim.

**B. The False Light Invasion of Privacy Claim**

Payton contends that plaintiff's claim for false light invasion of privacy lacks sufficient specificity.[5] The definition of the tort of "false light" is as follows: one who publicizes matter concerning another which places the other before the public in a false light is liable to the other for invasion of privacy, if the false light would be highly offensive to a reasonable person and the actor had knowledge or acted in reckless disregard of falsity of the publicized matter and the false light in which other would be placed. *Schifano v. Green County Greyhound Park, Inc.*,

---

[4] Complaint (doc. no. 1), at ¶ 80-81.

[5] *Id.* at ¶ 8.

5

624 So.2d 178, 180 (Ala. 1993) citing *Restatement (Second) of Torts*, § 652E (1977).

In her complaint, plaintiff alleges that defendant Payton contacted several public officials in the Jefferson County community and made inaccurate and negative comments about her.[6] Plaintiff specifically names the individuals Payton allegedly contacted, and states in her complaint that the comments made by Payton included misrepresenting the outcome of plaintiff's termination appeal, thus placing her in a false light.[7] Plaintiff further asserts that Payton's comments have hindered her attempts to find other employment in the public sector.[8]

Payton argues, nevertheless, that plaintiff has not alleged with sufficient specificity what statements allegedly were uttered by him, how they were inaccurate, and how they hindered plaintiff's attempt to find other employment.[9] Finally, Payton contends that plaintiff's assertions do not rise to a level of "highly offensive" to sustain a claim of false light invasion of privacy.[10] The "highly offensive" element of the false light tort requires that a

---

[6] Complaint (doc. no. 1), at ¶ 82.

[7] *Id.* at ¶ 83-85

[8] *Id.* at ¶ 86.

[9] Defendant's motion to dismiss, or in the alternative motion for more definite statement (doc. no. 8), at ¶ 8.

[10] *Id.* at ¶ 10.

6

defendant know, or be cognizant of the fact that plaintiff, "as a reasonable [person], would be justified in the eyes of the community in feeling seriously offended and aggrieved by the publicity." *Restatement (Second) of Torts* § 652E cmt. c (1977).

This court concludes that plaintiff has sufficiently pled her false light claim, and that she has stated the claim with sufficient specificity; it is not so vague or ambiguous that Payton is unable to formulate a response to the allegations. Therefore, Payton's motion to dismiss or, in the alternative, for a more definite statement, also is denied as to this claim.

C.  **Supplemental Jurisdiction Over Payton**

Finally, Payton argues that plaintiff's claims against him are due to be dismissed for lack of subject matter jurisdiction. This court disagrees.

This court has jurisdiction over the federal claims asserted against the Board under 28 U.S.C. § 1331. The court also has supplemental jurisdiction over the state law claims asserted against Payton under 28 U.S.C. § 1367, providing in part that:

> Except as otherwise provided in subsection (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action with such original

7

jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve joinder or intervention of additional parties.

28 U.S.C. § 1367(a). The statute includes claims against persons who formerly were known as "pendent parties" — that is, situations where, as in this case, a plaintiff has a federal claim against one defendant, and a state claim against a second defendant. *See Yeager v. Norwest Multifamily, Inc.*, 865 F.Supp. 768, 771 (M.D. Ala. 1994). Therefore, Payton's motion to dismiss for lack of subject matter jurisdiction also is due to be denied.

An appropriate order consistent with this memorandum opinion will be issued contemporaneously herewith.

DONE this *13th* day of September, 2000.

_____
UNITED STATES DISTRICT JUDGE